UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>REGINALD DOUGLAS, JR.,<br><br>Defendant. | Criminal No. 10-171-4 (JDB) |

## ORDER

Before the Court is Reginald Douglas, Jr.'s motion for collateral relief under 28 U.S.C. § 2255. See Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Def.'s Mot.") [ECF No. 314]. The government opposes the motion. See United States' Opp'n to Def.'s Mot. ("Gov't's Opp'n") [ECF No. 320]. For the reasons that follow, Douglas's motion is untimely and is therefore denied.

In July 2012, Douglas pled guilty to second degree murder while armed in violation of D.C. Code §§ 22-2103 and 22-4502 for the murder of Anthony Morrisey. Plea Agreement [ECF. No. 213] at 1–2; see Tr. of Plea Hr'g (July 10, 2012) [ECF No. 326]. The Court entered judgment on September 21, 2012, and Douglas did not appeal. Def.'s Mot. ¶¶ 2, 12. Douglas's conviction became final when the time to file a notice of appeal expired fourteen days later, on October 5, 2012. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b)(1)(A)(i). He filed the instant motion for collateral relief challenging this Court's jurisdiction over his case[1] under 18 U.S.C. § 2255 on October 26, 2018.[2]

---

[1] This Court did, in fact, have jurisdiction over his case. See D.C. Code §§ 11-502(2)(A)(v); 11-502(3).

[2] Douglas's motion was docketed in February 2019. However, Douglas asserts that he gave the motion and supporting documents to prison officials for mailing on October 26, 2018. See Attach. 2 to Def.'s Mot.; Attach. 1 to Letter filed by Reginald Douglas, Jr. [ECF No. 315]; Movant's Reply to the Gov't's Opp'n ("Def.'s Reply") [ECF

The Antiterrorism and Effective Death Penalty Act ("AEDPA") authorizes federal prisoners to move to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner's ability to bring such a motion is subject to a strict one-year time limitation triggered by, as relevant to Douglas's motion,[3] either "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. § 2255(f)(1), (4); see Def.'s Mot. ¶ 18 (asserting timeliness under § 2255(f)(4)).

Douglas's motion is clearly untimely under § 2255(f)(1) because he filed the instant motion in October 2018, well over one year after his judgment of conviction became final in October 2012.

Douglas's motion is also untimely under § 2255(f)(4). Douglas asserts that his conviction and sentence for D.C. Code violations were unlawful because this court lacked jurisdiction over violations of District of Columbia law and that his "motion is timely based on § 2255(f)(4) as of October 26, 2017" because that was the date that "he finally was able to review the Judgment and Commitment order" to discover that he had been convicted of D.C. Code violations in federal court. Def.'s Mot. ¶ 18. Douglas explains that he sought a copy of the judgment while he was in state custody in New York completing a term of incarceration for a different offense, and that he did not actually obtain a copy of the judgment until the fall of 2017, when he completed his state

---

No. 327] at 2. The fate of Douglas's original motion is unknown, but in light of Douglas's conscientious efforts to explain and provide evidence supporting his October 2018 mailing, the Court will deem his motion filed as of October 26, 2018.

[3] Douglas has not identified any impediment to making a motion caused by governmental action, see id. § 2255(f)(2), or any right newly recognized by the Supreme Court and made retroactive on collateral review, see § 2255(f)(3).

2

sentence and transferred to federal custody to serve the sentence imposed in this case. Def.'s Reply at 3–5. Douglas argues that his motion should be deemed timely because it was filed within one year of his "severely delayed receipt of his federal judgment—which he diligently sought." Def.'s Reply at 4.

Douglas's late receipt of a copy of his judgment does not make his motion timely because any relevant facts were known to him at the time of his plea and sentencing in 2012. Douglas's signed plea agreement indicated that he was pleading guilty to D.C. Code offenses in federal court. Plea Agreement at 1–2, 5. During his plea colloquy, the Court noted that Douglas was pleading guilty to violations of the D.C. Code. Tr. of Plea Hr'g at 17:10–20; see also id. at 17:20–20:5 (discussing sentencing implications of D.C. Code offenses as opposed to federal offenses). The Court also highlighted that Douglas was being sentenced for D.C. Code violations at Douglas's sentencing hearing. See Tr. of Sentencing Hr'g [ECF No. 319] at 3:4–4:8. Section 2255(f)(4) "must be triggered by newly discovered facts, not new legal theories arising out of known facts." United States v. Satizabal, 190 F. Supp. 3d 183, 185 (D.D.C. 2016). Douglas does not allege facts "newly discovered," and his motion therefore is not timely under § 2255(f)(4). Id.

Douglas also argues that he is entitled to equitable tolling of the time limit set by § 2255(f) under the actual innocence exception. The actual innocence "exception is designed to excuse procedural barriers to relief in only a 'narrow class' of 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" United States v. Baxter, 761 F.3d 17, 28 (D.C. Cir. 2014) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted).

3

Douglas identifies information that he believes undermines the credibility of a witness, Antonio Harper, whose testimony, Douglas believes, "was the linchpin that . . . allowed for him to be prosecuted in federal court," and without this testimony, "the federal court did not have jurisdiction to prosecute the Morrisey murder." Def.'s Reply at 7. Douglas accordingly seeks an evidentiary hearing about Harper's statements in order "to resolve his actual innocence claim." Id. at 10–11.

However, Douglas is mistaken. Harper and his credibility are unrelated to Douglas's crime of conviction for the murder of Anthony Morrisey in the second degree and thus do not support the application of the actual innocence exception. Douglas does not allege that he is factually innocent. Nowhere does he deny what he has previously acknowledged: that he "shot Morrisey in the head at least two times." Factual Proffer [ECF No. 212] at 2. Accordingly, the time to file his motion is not equitably tolled.

Because Douglas's motion for collateral relief is untimely under 18 U.S.C. § 2255(f) and no exception applies, it is hereby

**ORDERED** that the motion is **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Dated: August 7, 2019