**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**REGINALD DOUGLAS, JR.,**<br><br>**Defendant.** | **Crim. No. 10-171-4 (JDB)** |

**MEMORANDUM OPINION & ORDER**

Defendant Reginald Douglas, Jr. is currently detained at FCI Ray Brook, in Ray Brook, New York, after he was sentenced to serve 10 years in prison on September 19, 2012, to run consecutive to a New York state court sentence that he was then serving.  See Judgment [ECF No. 253] at 2.[1]  Douglas's projected release date is February 15, 2026.  See Gov't Opp'n to Def.'s Emergency Mot. for Compassionate Release ("Gov't Opp'n") [ECF No. 350] at 7.

On September 3, 2020, Douglas moved for compassionate release in light of a recent medical diagnosis of hypertension and an enlarged left ventricle.  See Emergency Mot. for Compassionate Release ("Release Mot.") [ECF No. 345] at 1–2.  Douglas argues that these conditions put him at risk of a severe case of COVID-19, and that this fact—coupled with his rehabilitation—warrants immediate release.  See id. at 11–12.  According to the Bureau of Prisons ("BOP") website, there were no cases of COVID-19 at FCI Ray Brook as of the date of this Order. See COVID-19 Cases, Bureau of Prisons, https://www.bop.gov/coronavirus/.

The government opposes Douglas's motion, arguing that (1) Douglas has failed to satisfy the statutory threshold requirement in 18 U.S.C. § 3582(c)(1)(A) that he exhaust his administrative remedies; and (2) on the merits, Douglas has failed to identify "extraordinary and compelling

---

[1] The sentence formally imposed was 360 months, with execution of the sentence suspended as to all but 120 months, or 10 years.  See Judgment at 2.

Case 1:10-cr-00171-JDB   Document 356   Filed 09/30/20   Page 2 of 6

reasons" for a sentence reduction, as required by § 3582(c)(1)(A)(i), and has likewise failed to demonstrate that release is warranted under the § 3553(a) sentencing factors. <u>See</u> Gov't Opp'n at 14. The Court agrees with the government's first argument and will thus not address the merits of Douglas's motion under § 3582(c)(1)(A).

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, consider a defendant's motion for a modification of an imposed term of imprisonment. A court may consider such a motion, however, only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As many courts have recognized, including this Court, § 3582(c)(1)(A)'s exhaustion requirement is "mandatory." Order, <u>United States v. Apperson</u>, No. 16-cr-00005, at 2–3 (D.D.C. May 4, 2020); <u>United States v. Hart</u>, 2020 WL 1989299, at *4 (S.D.N.Y. Apr. 27, 2020) (collecting cases); <u>see United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020) (noting that, where a defendant has not complied with the exhaustion requirement, the requirement presents "a glaring roadblock foreclosing compassionate release"); <u>United States v. Roberts</u>, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020) ("Given Congress's decision to mandate exhaustion and to specify a single alternative, the Court is not free to infer a general unwritten 'special circumstances' exception." (internal quotation marks omitted)). Under binding Supreme Court precedent, "mandatory exhaustion statutes" like this one "establish mandatory exhaustion regimes, foreclosing judicial discretion." <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1857 (2016).[2]

---

[2] The Court is aware that some district judges have concluded that § 3582(c)(1)(A)'s exhaustion requirement is not mandatory, reasoning that "Congress cannot have intended the 30-day waiting period of § 3582(c)(1)(A) to rigidly apply in the highly unusual situation in which the nation finds itself today." <u>See, e.g.</u>, <u>United States v. Haney</u>, 2020 WL 1821988, at *3–4 (S.D.N.Y. Apr. 13, 2020); Order, <u>United States v. Jennings</u>, No. 18-cr-0017, at 2–4 (D.D.C. Apr. 22, 2020), ECF No. 30 ("The court . . . finds that waiving the exhaustion requirement is appropriate here given the history of the compassionate release statute and the urgency of the COVID-19 pandemic."). This position remains the minority, however, and in this Court's view, runs headlong into the Supreme Court's express instruction

Moreover, most courts to consider the issue have concluded that "[f]or a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be premised on the same facts alleged in the corresponding motion filed with the court." United States v. Samak, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020); see United States v. Jenkins, 2020 WL 1872568, *1 (D. Neb. Apr. 14, 2020) ("Simply put, the Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the Bureau of Prisons first.").  "Allowing an inmate to present the Court with an entirely new basis for a sentence reduction denies the [BOP] the opportunity to evaluate the request on its merits and undermines the mandatory statutory exhaustion requirement." United States v. Knight, 2020 WL 4059886, at *2 (M.D.N.C. July 20, 2020).  "The exhaustion requirement should not be applied hyper-technically, and the request to the warden need not be identical in detail or specificity to the motion made in court, . . . [b]ut there must be a reasonable degree of overlap which gives the [BOP] a fair opportunity to consider whether to make the motion on the defendant's behalf." Id.

Douglas contends that such "issue exhaustion" should not be required, because "[t]here are no requirements regarding the contents of [a release] request."  Reply to the Gov't's Opp'n ("Reply") [ECF No. 351] at 4.  Not so.  The regulations implementing § 3582(c)(1)(A) clearly state that an inmate's request (which forms the basis of the later release motion) "shall at a minimum contain," among other things, "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration." 28 C.F.R. § 571.61(a).  And while Douglas is correct that

---

that "mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Ross, 136 S. Ct. at 1856; see Hart, 2020 WL 1989299, at *4 (disagreeing with the minority position and stating that "I conclude that I am bound by the Supreme Court's clear statement in Ross.").  Furthermore, even if the Court did consider waiver, another judge in this District has concluded that waiver is not justified where a defendant's prison has no known cases of COVID-19, as is the situation here. See United States v. Malone, 2020 WL 1984261, at *2 (D.D.C. Apr. 27, 2020).  The Court finds that reasoning persuasive.

some cases have concluded that a release motion need not necessarily be based upon the same facts as a release request, see, e.g., United States v. Torres, 2020 WL 2815003, at *4–5 (S.D.N.Y. June 1, 2020), those cases are few and far between.  More importantly, they fail to grapple with the governing regulations, as has been noted in subsequent decisions criticizing those cases.  See, e.g., United States v. McNair, 2020 WL 5036201, at *3–4 (D.N.J. Aug. 26, 2020) (describing the 28 C.F.R. § 571.61 requirements and concluding that, in light of those regulations, the "Torres decision" erroneously "permits inmates to bypass the exhaustion requirement").  As a result, this Court will side with the weight of precedent, which requires "the inmate to present the same factual basis for the compassionate-release request to the warden." United States v. Mogavero, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020).  To do otherwise would permit inmates to bypass the statutory and regulatory requirement of BOP-first-look "by presenting one reason for relief to the BOP and another to the Court," thereby creating "an end-run around the exhaustion requirement and depriv[ing] the BOP of the opportunity to consider the request." McNair, 2020 WL 5036201, at *4.

Here, the record reflects that Douglas submitted a request for release to the warden under § 3582(c) on April 9, 2020.  However, the factual basis for that request was entirely different from the instant motion.  The April 9 request cited his age, adolescent brain development, alleged mistakes in sentence computation, rehabilitation, low recidivism risk, and danger of contracting COVID-19 in a prison environment.  See Ex. L, Release Mot. [ECF No. 345-12] at 1–4.  It did not, however, cite any specific medical conditions—such as hypertension—as making him more susceptible to a severe case of COVID-19.  Indeed, the request did not list any medical concerns at all; hence, "BOP was not put on notice of, and thus did not have an opportunity to consider, defendant's belief that he should be released in light of COVID-19 vis-à-vis his medical

conditions." United States v. Matulich, 2020 WL 3620068, at *3 (D. Nev. July 2, 2020).  It is understandable that his prior request did not cite his heart conditions, as they had not yet been diagnosed.  Nevertheless, before this Court can consider a compassionate release motion from Douglas based on his heart conditions, he must request release from BOP based on that same ground.[3]  Cf. United States v. Ferguson, 2020 WL 5366549, at *3 (E.D. Cal. Sept. 8, 2020) ("In this case, Defendant only exhausted the issue of the risk of COVID-19 infection in a prison environment.  Her initial letter naturally did not raise her mother's condition since it predated the diagnosis.  Unfortunately, that means this court lacks the jurisdiction to consider Defendant's motion."); United States v. Young, 2020 WL 5350295, at *3 (D. Minn. Sept. 4, 2020) ("The record does not reflect that [defendant] requested release from the warden based on his new argument that he suffers from obesity.  Therefore, the Court lacks jurisdiction to consider his Motion."); see also United States v. Davidson, 2020 WL 4877255, at *11 (W.D. Pa. Aug. 20, 2020) (noting that courts should consider a petitioner's "evolving medical situation," but only where the initial release request "has as its central premise the same ongoing health concerns" as are presented in the motion for release).

For these reasons, the Court is not authorized to consider Douglas's compassionate release motion at this time.  Accordingly, Douglas's [345] motion for release is **DENIED** without prejudice for failure to exhaust administrative rights as required under 18 U.S.C. § 3582(c)(1)(A).

**SO ORDERED.**

/s/
_____
JOHN D. BATES
United States District Judge

---

[3] Douglas's motion also suggests that the "procedural irregularities" of his case constitute an "extraordinary and compelling reason" for release.  See Release Mot. at 17, 23–25.  Even if procedural irregularities could be such a reason, however, those too are not mentioned in his initial request to the warden.  See Ex. L, Release Mot. at 1–4.  Hence, he has failed to exhaust on that ground as well.

Dated: <u>September 30, 2020</u>